Clay A. Coelho (SBN 161205)
Clay.coelho@wilsonelser.com
Kendra Tietjen (SBN 312044)
Kendra.Tietjen@wilsonelser,com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
655 Montgomery St., Ste 900
San Francisco, CA 94111
T: 415.433.0990
F: 415.434.1370

David M Ross (motion for *pro hac* admission to be filed)
david.ross@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1500 K Street, NW, Suite 330
Washington, D.C. 20005
T: 202.626.7687
F: 202.628.3606

**Attorneys for Defendant Community Medical Centers, Inc.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HINDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY MEDICAL CENTERS, INC.,<br><br>Defendant. | **Civil Action No.** _____<br><br>Removed from:<br>San Joaquin County Superior Court<br>Lead Case No.: STK-CV-UNPI-2021-10404<br><br>Included Actions:<br><br>*Beck v. Community Medical Centers, Inc.*<br>Case No. 2021-10482<br><br>*Donaire v. Community Medical Centers, Inc.*<br>Case No. 2021-10605<br><br>*Palermo v. Community Medical Centers, Inc.*<br>Case No. 2021-10626<br><br>*Miranda v. Community Medical Centers, Inc.*<br>Case No. 2021-11353 |

**<u>NOTICE OF REMOVAL</u>**

1

272624546v.3

# I. JURISDICTION

1. Pursuant to 28 U.S.C. §§ 1442(a) and 1446(a), Defendant Community Medical Centers, Inc. ("CMC") removes to the United States District Court for the Eastern District of California this lawsuit, originally filed in the San Joaquin County Superior Court, Lead Case No.: STK-CV-UNPI-2021-10404, and also including, after consolidation, Case Nos. 2021-10482, 2021-10605, 2021-10626 and 2021-11353. As grounds for removal of this action, CMC states:

# II. INTRODUCTION

2. On November 8, 2021, Plaintiff Daniel Hinds filed his Class Action Complaint in the San Joaquin County Superior Court against CMC, which raised allegations involving a ransomware cyberattack that CMC experienced in October 2021 (the "Incident"). On November 10, 2021, Plaintiff Christopher Beck filed his Class Action Complaint against CMC. On November 8, 2021, Plaintiff Aholiva Miranda filed his Class Action Complaint against CMC. On November 16, 2021 Plaintiff Robert Donaire and Darin Palermo filed their Class Action Complaints against CMC. All of these complaints also raised allegations arising from the Incident. The San Joaquin County Superior Court consolidated all of these cases into the *Hinds* case. On June 9, 2022, Plaintiffs filed and served their Corrected Consolidated Class Action Complaint ("CCAC"), which superseded the complaints filed in all of the consolidated cases.

3. Under Section 330 of the Public Health Service Act, 42 U.S.C. § 254b *et seq.*, CMC is a community health center recipient of federal grant funds. During 2021 and thereafter, the Secretary of the U.S. Department of Health and Human Services ("HHS") deemed CMC and its personnel U.S. Public Health Service ("PHS") employees a protected entity under 42 U.S.C. § 233(a). *See* Exhibit A (deeming notices for 2021 and 2022). That protection affords CMC complete immunity from any civil lawsuit for the deemed entity's alleged performance of, or alleged failure to perform, medical or related functions within the scope of its deemed federal employment. 42 U.S.C. § 233(a) *et seq*.

4. This consolidated *Hinds* case implicates CMC's statutory immunity. Plaintiffs allege in the CCAC that this case involves CMC's "failure to properly secure and safeguard the Protected Health Information ("PHI"), such as medical information of patients, and the Personally

2

272624546v.3

Identifiable Information ("PII")" that CMC "required from patients." CCAC ¶1. Plaintiffs allege that they "disclosed their PHI/PII" to CMC "as part of the current and former patients' treatment with" CMC. *Id.* at ¶195. Plaintiffs allege that CMC's failure to protect their PHI/PII allowed an unauthorized party to commit an external system breach and compromise their PHI/PII. *Id.* at ¶¶6-14. Plaintiffs seek damages and equitable and injunctive relief. *Id.* at pp. 52-55, Prayer for Relief. A copy of the CCAC is included in Exhibit B, as is the state court docket and complete set of pleadings to date.

### III.    BASIS FOR REMOVAL

5.    This action is a civil action removable to this Court pursuant to 28 U.S.C. §§ 1442(a) and 1446(a).

6.    On June 13, 2022, CMC wrote, via U.S. mail and email, HHS and copied the United States Attorney for the Eastern District of California. *See* Exhibit C. CMC noted that it is a deemed PHS employee, and attached as an exhibit CMC's deeming notices from the HHS encompassing 2021 and 2022. CMC reminded HHS that on November 15, 2021, CMC submitted to HHS the initial complaints filed in the *Hinds* and *Beck* cases, and on November 17, 2021, the initial complaints filed in the *Donaire* and *Palermo* cases (the *Miranda* initial complaint was not served on CMC until December 22, 2021). CMC noted that on January 5, 2022, HHS denied CMC's requests for U.S. Government representation for all four cases, attaching the denials as an exhibit. CMC advised HHS that the *Beck*, *Donaire, Palermo* and *Miranda* cases were consolidated into the *Hinds* case, and that on June 9, 2022, lead Plaintiffs' counsel in the now consolidated cases served the CCAC. CMC noted that the CCAC supersedes all of the complaints filed in the now consolidated cases, and attached the CCAC as an exhibit. CMC advised HHS that CMC secured extensions and did not have to respond to any of the complaints filed in the now consolidated cases, and the current deadline to respond to the CCAC is July 8, 2022. CMC stated that as a deemed PHS employee, CMC is entitled to absolute immunity from the consolidated class action, as the litigation resulted from CMC's performance of medical or related functions within the scope of its deemed federal employment, 42 U.S.C. § 233(a) *et seq.* CMC added that in accordance with HHS policy, CMC was emailing and mailing copies of its correspondence, requested removal of the CCAC to

3

1  federal district court and substitution of the United States as the proper defendant in the place of
2  CMC.

3        7.      In CMC's June 13, 2022, correspondence, CMC noted that HHS incorrectly denied
4  CMC's requests for the cases filed against CMC prior to consolidation. CMC added that this
5  incorrectness was made clear in two decisions issued in June 2022 by the Chief Judge of the United
6  States District Court for the District of South Carolina. CMC advised that in *Mixon v. CareSouth*
7  *Carolina, Inc.*, Civil Action No. 4:22-cv-00269-RBH, 2022 U.S. Dist. LEXIS 98603 (D.S.C. June
8  2, 2022) and *Ford v. Sandhills Med. Found., Inc.*, Civil Action No. 4:21-cv-02307-RBH, 2022 U.S.
9  Dist. LEXIS 98602 (D.S.C. June 2, 2022), Chief Judge R. Bryan Harwell ordered substitution of
10 the U.S. Government as the proper defendant in putative data breach class actions filed against
11 medical facilities that were deemed PHS employees. CMC attached those decisions as exhibits, and
12 noted that as discussed in those cases, the allegations asserted in the complaints filed in those cases
13 and the similar allegations against CMC in the CCAC necessitated removal and substitution of the
14 U.S. Government as the proper defendant instead of CMC.

15       8.      To date, CMC has not received a response from HHS to its June 13, 2022
16 correspondence. The U.S. Attorney filed a Notice on June 22, 2022, advising the San Joaquin
17 County Superior Court in the *Hinds* case that HHS has not yet provided its full report regarding
18 whether any deemed status for CMC under 42 U.S.C. §§ 233(g) and (h) extends to the acts or
19 omissions that are the subject of the consolidated *Hinds* action. *See* Exhibit D. The U.S. Attorney
20 added that once HHS completes is investigation and issues its report, the U.S. Attorney will
21 determine whether CMC's acts were within the scope of CMC's deemed employment.

22       9.      Removal to this Court is proper under 28 U.S.C. §§ 1442(a)(1), the federal officer
23 removal statute. *CareSouth Carolina*, 2022 U.S. Dist. LEXIS 98603, at *6 (discussing propriety
24 of removal under statute); *Sandhills Med. Found.,* 2022 U.S. Dist. LEXIS 98602, at *9 n.5
25 (same). "Section 1442(a)(1) authorizes the 'United States or any agency thereof or any officer (*or*
26 *any person acting under that officer*) of the United States or of any agency thereof' to remove a
27 civil action from state court 'for or relating to any act under color of such office.'" *Id.* (quoting 28
28 U.S.C. §§ 1442(a)(1); emphasis in original). "The Supreme Court has held that the phrase 'acting

4

272624546v.3

under' is broad—though not limitless—and that a court must liberally construe the statute. *Id.* (citing *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)). "Under the statute, private actors can remove a case to federal court when they show that they: (1) acted under the direction of a federal officer; (2) possess a colorable federal defense; and (3) engaged in government-directed conduct that was causally related to the plaintiff's claims." *Id.* (quoting *Cnty. V. Bd. Of Arlington Cnty. Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 247 (4th Cir. 2021)). *See also* 42 U.S.C. § 1442(a)(1); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (stating elements).

10. CMC "satisfies these three requirements. First, it was a 'person acting under' the Public Health Service when the alleged data breach occurred." *Id.* (citations omitted). The "'archetype case' includes 'providing community medical health centers.'" *Id.* (quoting *W. Virginia State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 298, 304 (4th Cir. 2022)). CMC can be found to be a qualifying federal officer under 42 U.S.C. § 1442, or, as set forth above, a person acting under a federal officer. *See Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021) (upholding deemed PHS employee's § 1442 removal because, as a deemed health center entity employee, party was acting under a federal officer as to medical and related functions performed on behalf of the health center, and deemed PHS employee benefited from "the same legal immunity that is extended to" PHS employees"). CMC, a nonprofit corporation that operates a federal grant project on behalf of HHS, qualifies as a person within the meaning of § 1442, and "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of the federal superior." *Watson*, 551 U.S. at 149. CMC is required by statute to serve a population that the HHS Secretary designates medically underserved. 42 U.S.C. § 254b(a)(1). CMC therefore supports PHS's mission through performing functions that would otherwise implicate PHS's responsibilities.

11. Second, CMC "has asserted a colorable federal defense—immunity under 42 U.S.C. § 233(a)." *CareSouth Carolina*, 2022 U.S. Dist. LEXIS 98603, at \*6; *Sandhills Med. Found.*, 2022 U.S. Dist. LEXIS 98602, at \*9 n.5. Section 1442 allows removal even when the federal question at issue arises only as a defense to a state-law claim. *Jefferson County v. Acker*,

5

272624546v.3

527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule).

12. Third, CMC "engaged in government-directed conduct—'maintaining the confidentiality of patient records,' 42 U.S.C. § 254b(k)(3)(C)—causally related to Plaintiff's data breach claim." *CareSouth Carolina*, 2022 U.S. Dist. LEXIS 98603, at *6; *Sandhills Med. Found.*, 2022 U.S. Dist. LEXIS 98602, at *9 n.5. CMC is "therefore entitled to remove this case under § 1442(a)(1)." *Id.*

13. CMC's deemed, irrevocable, federal status, provides CMC with the same immunity afforded to an actual PHS employee under 42 U.S.C. § 233(a). This remedy is "exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)," and is "final and binding" on the U.S. and all parties to a lawsuit. 42 U.S.C. § 233(g)(1)(A); (F).

14. On June 9, 2022, Plaintiffs served their CCAC on CMC. Accordingly, this Notice of Removal is timely because it was filed within 30 days of service on CMC of the CCAC. 28 U.S.C. § 1446(b). The Notice of Filing of Notice of Removal, filed concurrently with the San Joaquin County Superior Court, is attached as Exhibit E. With the denials that CMC received from HHS on January 5, 2022, and Plaintiffs in the later to-be-consolidated cases also asserted that CMC did not have a basis to seek removal, CMC did not have sufficient knowledge of a basis to attempt to seek federal officer removal. "Seen in this light, the case wasn't removable until [CMC] learned that it could remove the case unilaterally based on federal officer jurisdiction." *Durham*, 445 F.3d at 1252. That basis emerged in early June 2022. First, CMC learned about the issuance of the *CareSouth Carolina* and *Sandhills Med. Found.* cases. These two cases supported, for the first time to CMC's knowledge that removal and substitution of the U.S. Government as the proper defendant in appropriate in putative data breach class actions filed against medical facilities that were deemed PHS employees. Immediately thereafter, on June 9, 2022, CMC received service of the CCAC. CMC had to await service of the CCAC, which is the operative pleading of the now consolidated cases, since the CCAC superseded all of the earlier complaints filed in the consolidated cases. CMC had to ensure that the allegations in the CCAC

6

were, like those in the *CareSouth Carolina* and *Sandhills Med. Found.* cases, sufficient to implicate federal officer removal and substitution. The allegations did, and CMC is removing this action within 30 days of the June 9 filing and service of the CCAC.

15. The timeliness of CMC's removal is further supported by the Ninth Circuit's recognition of the "clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." *Durham*, 445 F.3d at 1252. "Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441." *Id.* And, "where the timeliness of a federal officer's removal is at issue, we extend section 1442's liberal interpretation to section 1446. As far as the federal officer is concerned, the case isn't 'removable' until the federal officer ground for removal is disclosed." *Id.* at 1253.

16. Pursuant to 28 U.S.C. § 1446(a), true and legible copies of the CCAC, and the state court docket and complete set of pleadings to date in the consolidated *Hinds* case, accompany this Notice. These documents comprise the process, pleadings, or orders served on CMC during the pendency of the consolidated *Hinds* case before the San Joaquin County Superior Court.

17. Venue in this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1442(a). This action is properly removed to the United States District Court for the Eastern District of California, which comprises, among other jurisdictions, San Joaquin County. 28 U.S.C. § 112(c).

18. On July 7, 2022, counsel for CMC contacted Plaintiffs' counsel and the U.S. Attorney's Office to request consent for removal. Neither provided that consent.

*///*

*///*

*///*

*///*

7

272624546v.3

## **CONCLUSION**

Based on the foregoing, CMC respectfully requests that this Court accept this Notice of Removal to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1442(a) and 1446(a).

Dated: July 8, 2022                              Respectfully submitted,

                                              **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

                                              By:   /s/ *Clay A. Coelho*
                                                       Clay A. Coelho, Esq.

                                            ***Attorneys for Defendant Community Medical Centers, Inc.***

272624546v.3

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2022, the foregoing was served on all counsel of record appearing in this case when it was still pending in the San Joaquin County Superior Court via electronic mail.

Dated: July 8, 2022

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/Clay A. Coelho, Esq.
Clay A. Coelho, Esq.

272624546v.3